HARALSON MILLER PITT FELDMAN & MCANALLY, PLC
Jeffrey Imig, State Bar No. 25552
One S. Church Avenue, Suite 900
Tucson, Arizona 85701-1620
(520) 792-3836
jimig@hmpmlaw.com
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| WILLIAM E. HUSTAD, a single man,<br><br>Plaintiff,<br><br>vs.<br><br>METROPOLITAN LIFE INSURANCE CO., a New York corporation,<br><br>Defendant | Cause No.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br><br>(Assigned to the Hon. _____) |

For his complaint against Defendant, Plaintiff alleges as follows:

1.  Plaintiff William E. Hustad is a resident of Pima County, Arizona.

2.  Defendant Metropolitan Life Insurance Company ("MetLife") is a New York corporation, licensed to and doing business in Pima County, Arizona.

3.  The events giving rise to this action occurred, in substantial part, in Pima County, Arizona.

4.  The property that is the subject of this action is situated in Pima County, Arizona.

///

## JURISDICTION AND VENUE

5.     This action is brought pursuant to 29 U.S.C. § 1132(a), Fed. R. Civ. P. 57 (Declaratory Judgment) and is governed by the terms and provisions of the Employers Retirement and Income Security Act of 1974 ("ERISA") and the anti-subrogation law governing insurers in Arizona. The Court has jurisdiction over the claims asserted by the Plaintiffs in this action pursuant to 29 U.S.C. § 1132(e)(1).

6.     Venue is proper in the District of Arizona pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

7.     On or about March 29, 2011, at or near East Sixth Street and North Tucson Boulevard in Tucson, Pima County, Arizona, Plaintiff was seriously injured when another driver collided with Plaintiff.

8.     Plaintiff suffered multiple broken bones and a closed head injury. The bones in his leg and arm were repaired with surgery and hardware. Plaintiff continues to undergo therapy to correct the double vision he has suffered since the accident.

9.     At the time of the accident, Plaintiff was employed as a teacher at Job Corps in Tucson, Arizona by Res-Care, Inc.

10. Plaintiff purchased a policy of short-term disability insurance ("Policy") from Defendant through payroll deductions by Res-Care, Inc.

11. As a result of Plaintiffs' injuries, he was unable to work.

12. Plaintiff sued the negligent driver in Pima County Superior Court, Cause Number C20116058.

13. The parties to Cause Number C20116058 agreed to a confidential settlement.

14. According to Defendant, MetLife paid $7,182.72 in short-term disability benefits to Plaintiff.

15. Defendant has demanded reimbursement of the benefits paid by MetLife.

16. Defendant's claim to reimbursement is void as an illegal attempt to assign a personal injury claim.

## DECLARATORY JUDGMENT

17. Plaintiff incorporates herein by reference the allegations contained in paragraphs 1–16.

18. An actual controversy exists between the parties concerning their rights and legal relations.

19. The controversy concerns a dispute between Plaintiff's rights to his personal injury recovery and Defendant's claims against those proceeds.

20. Defendant refuses to recognize their claim for reimbursement is invalid under the governing Arizona law.

21. Plaintiff requests judgment declaring the Defendant's alleged right to reimbursement invalid. In the alternative, Plaintiff requests judgment declaring the appropriate amount of reimbursement to which Defendant is entitled after application of proper equitable principles.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment be entered against the Defendants, their representatives, employees, agents and successors as follows:

1. For an order declaring that Defendant's attempts to collect funds from Plaintiff's personal injury recovery are invalid and unlawful. In the alternative, Plaintiff requests the Court issue a judgment declaring the appropriate amount of reimbursement to which the Defendants are entitled.

2. For reasonable attorneys' fees and costs pursuant to A.R.S. § 12-341.01.

3. For all costs incurred and to be incurred herein.

4. For such further relief as the Court deems just.

///

///

///

///

DATED:  October 24, 2012

                          HARALSON, MILLER, PITT,
                          FELDMAN & McANALLY, P.L.C.

                    By:   /s/Jeffrey A. Imig
                          Jeffrey Imig
                          Attorney for Plaintiff